UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA R. BROOKS, aka Finley-Calip,<br><br>Petitioner,<br><br>v.<br><br>ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>Respondent. | Case No. 25-cv-07165-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 3) |

**I.**

Petitioner LaTonya R. Brooks, a pretrial detainee currently released on her own recognizance on pending state criminal charges in Alameda County Superior Court, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the state criminal proceedings against her. Petitioner also moves for leave to proceed in forma pauperis under 28 U.S.C. § 1915 (ECF No. 3) which, based solely on her affidavit of poverty, is granted.

**II.**

Petitioner was charged with various violations of the California Penal Code in connection with a real estate deed she allegedly forged and recorded with the Alameda County Recorder.

After a preliminary hearing on the charges against petitioner on May 13, 2024, the Alameda Couty Superior Court dismissed a count of elder financial abuse, but found sufficient evidence to hold over for trial various forgery counts against petitioner, including violations of California Penal Code sections 115(a), 470(b) and 470(d).

Petitioner has moved/petitioned to dismiss the surviving forgery counts again and again in the Alameda County Superior Court, California Court of Appeal and Supreme Court of California claiming, among other things, insufficient evidence, ineffective assistance of counsel, denial of due process and judicial bias. The state courts again and again have denied petitioner relief from standing trial on the forgery counts.

### III.

It is well established that federal courts should not enjoin or otherwise interfere with pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the state statute challenged is flagrantly and patently violative of express constitutional prohibitions.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971) (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every clause, sentence and paragraph, and in whatever manner it is applied).  The rationale of Younger applies throughout state appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

Here, the rationale of Younger requires that this court abstain from entertaining petitioner's request for federal court intervention in her pending state criminal proceedings unless petitioner shows that special circumstances warrant federal court intervention.  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal intervention in pending state prosecutions appropriate.  Id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  Petitioner makes no such showing of special circumstances.  Her broad claims of insufficient evidence, denial of right to confront witnesses, ineffective assistance of counsel and denial of due process are not enough to warrant federal court intervention.  The claims may be raised in the ongoing state court proceedings and do not show (or even suggest) a case of proven harassment, or a prosecution taken in bad faith.  See Yelp Inc. v. Paxton, 137 F.4th 944, 951-54 (9th Cir. 2025) (harassment must be sufficiently severe to legitimize interfering with state court proceedings in which objections could be raised; bad faith requires overwhelming lack of merit in state's case).  Petitioner's claims of judicial and prosecutorial bias do not warrant federal court intervention either; they amount to no more than her disagreement with the decisions of the state courts and prosecution and do not show (or even suggest) special circumstances.  See Carden, 626 F.2d at 84.

Because Younger abstention is appropriate in this habeas case under 28 U.S.C. § 2241, the court may not retain jurisdiction over the case and must dismiss it. See Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).

## IV.

For the foregoing reasons, the petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to refiling a petition for a writ of habeas corpus under § 2254 after state criminal proceedings, including appeal, are completed.

A certificate of appealability (COA) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]

The clerk is instructed to terminate the motion appearing on ECF as item number 3.

**IT IS SO ORDERED**.

Dated: October 14, 2025

CHARLES R. BREYER
United States District Judge

---

[1] In addition to applying to final orders on the merits in habeas cases arising under § 2254 and § 2255, a ruling on a COA applies to other appeals, including appeals by state pretrial detainees under § 2241 challenging their prosecution. See Wilson v. Bellevue, 554 F.3d 816, 825 (9th Cir. 2009).